UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUSALITO CRAFTWORKS, INC, <br> Plaintiff, <br> v. <br> DAVID M MURRAY, <br> Defendant. | Case No. 14-cv-01216-JSC <br><br> **ORDER FOR SUPPLEMENTAL BRIEFING** |

Now pending before the Court is Defendant David Murray's Motion to Dismiss Plaintiff Sausalito Craftworks Inc.'s Complaint for lack of subject matter and personal jurisdiction. The issue of specific personal jurisdiction in a declaratory action for non-infringement or invalidity is governed by Federal Circuit law regarding due process. *See Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006). The Federal Circuit has explained the personal jurisdiction inquiry in a declaratory judgment action of non-infringement and/or invalidity as follows:

> [I]n the context of an action for declaratory judgment of non-infringement, invalidity, and/or unenforceability, the patentee is the defendant, and the claim asserted by the plaintiff relates to the "wrongful restraint [by the patentee] on the free exploitation of non-infringing goods ... [such as] the threat of an infringement suit." Thus, the nature of the claim in a declaratory judgment action is "to clear the air of infringement charges." Such a claim neither directly arises out of nor relates to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum, but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit. The relevant inquiry for specific personal jurisdiction purposes then becomes to what extent has the defendant patentee "purposefully directed [such enforcement activities] at residents of the forum," and the extent to which the declaratory judgment claim "arises out of or relates to those activities."

*Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008) (citations omitted). Thus, whether jurisdiction is proper depends on whether Defendant directed enforcement activities into California, as such direction has been defined by the Federal Circuit.

Further, where the parties have entered into an exclusive licensing agreement, the due process inquiry "requires close examination of the license agreement." *See Breckenridge*, 444 F.3d at 1366. Such an agreement may, in certain circumstances, be sufficient to subject an out-of-state defendant to personal jurisdiction in the forum. *See, e.g.*, *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995); *Breckenridge*, 444 F.3d 1356; *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997); *Inamed Corp. v. Kuzmak*, 249 F.3d 1356 (Fed. Cir. 2001); *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998).

Given the lack of analysis in the parties' briefs regarding Federal Circuit precedent and its application to the parties' licensing agreement—which was only recently submitted into the record—the parties shall submit supplemental briefs to the Court on the issue of specific personal jurisdiction. Plaintiff shall file its supplemental brief by no later than Monday, September 15, 2014. Defendant shall file a responsive supplemental brief by no later than Wednesday, September 24, 2014. The Court will take the matter under submission at that time.

**IT IS SO ORDERED.**

Dated: September 5, 2014

JACQUELINE SCOTT CORLEY
United States Magistrate Judge